KELLY, Judge.
Dwight E. Brock, Clerk of the Circuit Court of Collier County, appeals from the order of the trial court granting partial final judgment in favor of the Board of County Commissioners of Collier County, on behalf of Collier County, on a claim for declaratory relief.[1] Collier County sought and obtained a declaration that interest earned on county funds invested by the Clerk was not income to the office of the Clerk and could not be used by the Clerk without the authorization of the Board of County Commissioners. We reverse.
At issue in this case is whether the Clerk of the Court is statutorily authorized to claim as income interest earned on funds that the Clerk, as custodian of county funds, has invested on the county’s behalf. Section 28.33, Florida Statutes (2007), states:
The clerk of the circuit court in each county shall invest county funds in excess of those required to meet expenses as provided in s. 218.415.... Except for interest earned on moneys deposited in the registry of the court, all interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same account as the other fees and commissions of the clerk’s office.
*636 The plain language of section 28.33 provides that the interest earned on money-invested by the Clerk “shall be deemed income of the office of the clerk” and “shall be deposited in the same account as are other fees and commissions of the clerk’s office.” Id. The County nevertheless contends that the interest is “County money” and that the Clerk has no authority to use that money without the Board’s approval.
The County cites no statutory or other authority that convinces us that the statute means anything other than what it plainly says, which is that the interest is income to the Clerk. Section 28.33 does not impose any restrictions on how the Clerk may use this income, and again, the County has not directed our attention to any statutory or other authority that does. In fact, the County at least implicitly acknowledges that section 28.33 means what it says because its arguments in defense of the trial court’s construction of that provision consist largely of attacks on its validity. The County did not, however, ask the trial court to invalidate the statute, but simply to declare its meaning. In arguing that we should affirm the trial court, the County asks us to read the statute in a manner that the language simply will not bear. When the language of the statute is clear and unambiguous and conveys a definite meaning, there is no need to resort to the rules of statutory construction; the statute must be given its plain and obvious meaning. M.W. v. Davis, 756 So.2d 90, 101 (Fla.2000). Section 28.33 is such a clear and unambiguous statute. Accordingly, we reverse and remand for entry of a judgment in favor of the Clerk.
Reversed and remanded.
ALTENBERND and KHOUZAM, JJ, concur.

. Collier County's complaint asserted a variety of claims against the Clerk. This appeal is limited to the claim for declaratory relief asserted in count three of the County's amended complaint.